# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-1444-REB-MJW

**GUADALUPE SANCHEZ,** Mother of
**JEREMY TARANGO,** a Minor

    Plaintiff,

vs.

**SCOTT E. MURPHY,** IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND **DENVER POLICE DEPARTMENT** AND **CITY AND COUNTY OF DENVER**

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

    Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and Highly Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information and Highly Confidential Information (as defined in paragraphs 3 and 4 below). The Parties also anticipate seeking additional Confidential Information and Highly Confidential Information during discovery and that there will be questioning concerning Confidential Information and Highly Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use

of Confidential Information and Highly Confidential Information except as set forth herein.

2. For the purposes of this Protective Order, the term "Plaintiff" shall include all Plaintiffs, collectively or individually.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains information that is confidential and implicates common law and/or statutory privilege interests such as those articulated in C..R.S. 24-72-204 concerning disclosure of public school and personnel/employment file records and designated by one of the Parties in the manner provided in paragraph 5 below as containing Confidential Information, including, but not limited to:

    a. the Parties and/or their representatives' personnel files;

    b. internal affairs investigation files;

    c. witness statements;

    d. Plaintiff's records of medical and mental health care providers;

    e. Plaintiff's juvenile, arrest and / or criminal history records, if any;

    f. any records obtained from a third party including, but not limited to, Denver Public Schools; and

    g. other documents related to Plaintiff's claims in this action.

4. "Highly Confidential Information" means personal identification-type information, such as social security numbers, home addresses, home or cellular telephone numbers, dates of birth, driver's license numbers, personal email addresses,

identification and contact information of family members, financial information, credit reports, and the like as well as that information which is deemed "highly personal and sensitive" as such term is defined by existing legal authority.

5. Where Confidential Information and Highly Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" or "Highly Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" or "Highly Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential" no later than ten calendar days after receipt of the transcribed testimony.

6. All Confidential Information and Highly Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

c. No Highly Confidential Information shall be disclosed to any individual (including the parties to this litigation) by counsel with the exception of Confidential or Highly Confidential Information regarding the minor Plaintiff, Jeremy Tarango, that may be contained within medical records, treatment notes, medical bills, insurance information, or the like that may be provided to individuals for purposes of a medical review or Independent Medical Examination.

7. Individuals authorized to review Confidential Information and Highly Confidential Information pursuant to this Protective Order including, but not limited to, the undersigned counsel, shall hold Confidential Information and Highly Confidential Information in confidence and shall not divulge the Confidential Information or Highly Confidential Information either verbally or in writing, to any other person, entity or government agency unless authorized to do so by the written consent of the opposing party or by court order. Additionally, if any information is discussed with the Parties to this action (excluding Highly Confidential Information, which is not to be shared with the Parties) or any other individual, such persons shall hold Confidential Information and Highly Confidential Information in confidence and shall not divulge the Confidential Information and Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information,

and shall maintain a list of all persons to whom any Confidential Information is disclosed. Highly Confidential Information shall only be disclosed outside of counsels' office in the manner set out in Para. 6(c), above. In the event that an expert witness believes that Highly Confidential Information is necessary for him or her to form opinions, then counsel will be permitted to disclose the Highly Confidential Information to that expert only after (a) informing all other counsel in the case that it is his or her intention to make a disclosure of Highly Confidential Information to an expert, and why it is necessary, and (b) after the expert executes an affidavit in the same manner as specified for the disclosure of Confidential Information. Under no circumstances will Highly Confidential Information be contained within an expert's report or shared with any party.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraphs 7 and 8 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and Highly Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

10. No copies of Confidential Information and Highly Confidential Information shall be made, except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the court by a party in

accordance with D.C.COLO.LCivR 7.2. Any such copies shall be made and used solely for purposes of this litigation.

11. Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, counsel shall retain custody of Confidential Information and Highly Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

12. A party may object to the designation of particular Confidential Information and Highly Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

13. In the event it is necessary for the Parties to file Confidential Information and Highly Confidential Information with the Court in connection with any proceeding or

motion, the Confidential Information and Highly Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation, any Party in possession of confidential information will ensure that it is stored in a manner which ensures compliance with the terms and conditions of this Protective Order.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential or Highly Confidential Records and either destroy the records and provide written

confirmation to the opposing party of such destruction or return such copies to the providing party.

19.   Nothing in this Stipulation and Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

DATED this  5th  day of  JAnuAry , 2009.

**BY THE COURT:**

_____
Michael J. Watanabe
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By s/ Douglas L. Romero
    Douglas L. Romero
**DOUGLAS L. ROMERO ATTORNEY AT LAW, LLC**
200 S. Sheridan Blvd., Suite 150
Denver, Colorado 80226
Telephone: 303-934-7500
Facsimile: 303-934-0300


By s/ Jamie D. Wynn
    Jamie D. Wynn
Assistant City Attorney
**OFFICE OF THE CITY ATTORNEY**
City and County of Denver
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile: 720-913-3190


By s/ Miles L. Buckingham
    Miles L. Buckingham
**KENNEDY CHILDS & FOGG, P.C.**
1050 17th St., Ste. 2500
Denver, CO 80265-2080
Telephone: 303-825-2700
Facsimile: 303-825-0434


By s/ Marc F. Colin
    Marc F. Colin
**BRUNO COLIN JEWELL & LOWE, P.C.**
One Civic Center Plaza
1560 Broadway, Suite 1099
Denver, CO 80202
Telephone: 303-831-1099
Facsimile: 303-831-1088

# AFFIDAVIT

STATE OF COLORADO )
                              )ss
COUNTY OF           )

_____, swears of affirms and states under penalty of perjury:

    1.     I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

    2.     I have been informed by _____, Esq., counsel for _____, that the categories of documents described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.     For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.     I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

Telephone No.:(_____)_____

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2009 by _____.

WITNESS my hand and official seal.

[SEAL]

_____
Notary Public
My commission expires:_____

# AFFIDAVIT

STATE OF COLORADO  )
                   )ss
COUNTY OF          )

_____, Esq. swears of affirms and states under penalty of perjury:

1. I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Highly Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Highly Confidential Information for any purpose other than this litigation.

3. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

_____
Telephone No.:(_____)_____

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2009 by _____.

WITNESS my hand and official seal.

[SEAL]
                                    _____
                                    Notary Public
                                    My commission expires:_____

11